26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James K. FORTSON, Defendant-Appellant.
 No. 92-16975.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1994.
Decided May 24, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Government sued James K. Fortson for breach of his National Health Services Corps ("NHSC") contract. The district court granted summary judgment for the Government. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 I.
 
 3
 Congress established the NHSC, within the Public Health Service ("PHS"), to rectify "the maldistribution of health care manpower in the United States." Rendleman v. Bowen, 860 F.2d 1537, 1539 (9th Cir.1988). The program is designed to provide funds for health care professionals to pursue medical training in exchange for the recipients' promise to serve in areas lacking health care professionals. Fortson submitted an application to the NHSC in 1974. In exchange for receipt of the scholarship, Fortson signed a contract agreeing to spend two years providing health care to a qualified health manpower shortage area ("HMSA").
 
 
 4
 In 1990, the Government sued Fortson for breach of his contract and moved for summary judgment. In opposition, Fortson contended that contract principles should govern his agreement, that the Government should be estopped from collecting the debt because an Army officer affirmatively misrepresented to him that his PHS obligation was transferrable to the Army, and that the court should credit him for his service in an HMSA in Keokuk, Iowa. The district court granted summary judgment for the Government and this appeal followed.
 
 II.
 
 5
 Fortson initially argues that the district court erred by failing to apply common law contract principles to interpret his contract. This argument lacks merit.
 
 
 6
 Congress enacted the NHSC scholarship program to encourage recipients of the scholarship monies to serve in HMSAs. The receipt of monies is conditioned upon compliance with the federal statutory and administrative directives. Rendleman, 860 F.2d at 1542. In Rendleman, we observed that "[t]hese conditions do not arise from a negotiated agreement between the parties; rather they are provided for in the statute. Statutory intent, therefore, is more relevant to the interpretation of these conditions than are common law contract principles...." Id. at 1541-42. See also United States v. Citrin, 972 F.2d 1044, 1049 (9th Cir.1992).
 
 
 7
 The district court concluded that Fortson's Special Repayment Program agreement was in the same category of contracts executed under the NHSC as the original scholarship agreement because both were established pursuant to congressional directive. The district court did not err in applying statutory intent to the interpretation of Fortson's scholarship agreement.
 
 III.
 
 8
 Fortson next contends that the district court erred by granting summary judgment for the Government. We conclude that Fortson did not establish that estoppel could be asserted against the Government in this case.
 
 
 9
 We review a grant of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), cert. granted, 114 S.Ct. 543 (Nov. 29, 1993). "A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials in pleadings, but 'must set forth specific facts showing that there is a genuine issue for trial.' " Mai Sys. Corps. v. Peak Computer, Inc., 991 F.2d 511, 518 (9th Cir.1993); Fed.R.Civ.P. 56(e).
 
 
 10
 Fortson contends that a material issue of fact existed as to whether the Army medical personnel recruiter spoke authoritatively when he misrepresented to Fortson that his scholarship obligation could be fulfilled by serving in the Army. By relying on the recruiter's oral representations, Fortson contends he was induced to enter the Army, and thus the Government should be estopped from collecting its debt.
 
 
 11
 We need not reach the issue of estoppel based on whether the recruiter's statements amounted to affirmative misconduct because Fortson failed to overcome the hurdle of his own negligence. "[B]efore invoking the doctrine of estoppel we ask whether the citizen dealing with the government has acted diligently to protect his own interests." Lavin v. Marsh, 644 F.2d 1378, 1384 (9th Cir.1981). A citizen is charged with knowing the government statutes and regulations, and "assumes the risk that the government agents may exceed their authority and provide misinformation." Id. at 1383.
 
 
 12
 The record reflects that Fortson offered no satisfactory explanation for his failure to verify the recruiter's representations. Eleven months prior to entering the Army, Fortson knew that his scholarship obligation was not transferrable to the Army. In a letter to the PHS, Fortson stated that he intended to default on his obligation and join the Army, acknowledging that there was presently no agreement for transfer of the obligation to the Army. Thus, when the Army medical personnel recruiter informed him otherwise, Fortson should have verified the information. Fortson did not act diligently to protect his own interests. Therefore, we conclude that the district court did not err by granting summary judgment for the Government.
 
 IV.
 
 13
 Fortson's final argument is that the district court erred by failing to credit him for the one-year period he served at the HMSA in Keokuk, Iowa from October 1985 to October 1986. We disagree.
 
 
 14
 The agreement provides that the recipients serve in the HMSA assigned by the Secretary. See 42 U.S.C. Secs. 2541, 254m. See, e.g., United States v. Hatcher, 922 F.2d 1402, 1404 (9th Cir.1991) (Congress gave Secretary "essentially uncircumscribed authority in assigning scholars to HMSAs."). Otherwise, recipients would likely choose only the more attractive areas, thus defeating the purpose of the program.
 
 
 15
 Although Keokuk, Iowa is a qualified HMSA, Fortson neither sought nor received approval from the Secretary at any time during his service in Keokuk. To the contrary, Fortson received notification that he would not receive credit because he failed to seek approval. We conclude that the district court did not err in refusing to credit Fortson for any service in Iowa.
 
 
 16
 AFFIRMED.
 
 O'SCANNALAIN, Circuit Judge, dissenting:
 
 17
 I respectfully dissent from the majority's decision. Because I believe that Fortson's averments regarding Major Zabrycki's representations raised a genuine issue of material fact under his estoppel claim, I would reverse the district court's summary judgment and remand for trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3